UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANGYANG ZHICHENG NETWORK CO LTD, ZHONGSHAN DONGFENG TOWN XIAOYOUYOU PAPER TRADING COMPANY,

Plaintiff,

v.

JIE HUANG,

Defendant.

CASE NO. 2:24-cv-01823-BAT

**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION.  DKT. 74.**

On January 23, 2026 Plaintiff filed a motion for preliminary injunction requesting Defendant be enjoined from submitting or causing additional Amazon infringement complaints against Plaintiff's accused products so this dispute can be resolved in this Court rather than through serial platform takedowns. Dkt. 74. Defendant has not responded to the motion which was noted for February 22, 2026. For the reasons below the Court **GRANTS** the motion.

1.      In 2024, Plaintiff filed a complaint seeking a declaratory judgment that it has not infringed Defendant's "534 Patent" and alleging Defendant has filed fraudulent patent infringement complaints with Amazon which have harmed Plaintiff. Dkt. 1.

2.      On January 23, 2026, Plaintiff's filed a motion for preliminary injunction. Plaintiff alleges rather than litigating Plaintiff's declaratory judgment claim, Defendant continues

ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION.  DKT. 74. - 1

to repeatedly submit patent complaints to Amazon targeting Plaintiff's products, and that each complaint triggers Amazon's "take-down" process which causes immediate listing suppression of Plaintiff's products, cutting off sales and hard-won search placements, and erosion of the goodwill of customers. Dkt. 74 at 1. Plaintiff contends after Amazon reviews Defendant's complaints, Amazon reinstates Plaintiff's listings and lifts restrictions. However, Plaintiff contends a preliminary injunction is needed because despite the lack of any material changes, Defendant continues to submit complaints to Amazon about Plaintiff's products and continues to disrupt sales of Plaintiff's products.

3. The Court has the discretion to issue a preliminary injunction in a patent case. *Intel Corp. v. ULSI System Technology, Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993), *cert. denied*, 510 U.S. 1092 (1994); *see also* 35 U.S.C. § 283 (Court may grant injunctions in accordance with the equity principles) and Fed R. Civ. Pro 65 (Court may issue preliminary injunction upon notice to the adverse party). In patent cases, the Court may grant a preliminary injunction if the movant shows (1) a reasonable likelihood of success on the merits; (2) irreparable harm absent an injunction; (3) the balance of hardships tips in its favor; and (4) the public interest favors an injunction. *Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d 1357, 1365 (Fed. Cir. 2002). This is essentially the same showing required in non-patent cases. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24-25, (2008). This circuit also applies an alternative test. If there are serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff, it is appropraite to grant injunctive relief, assuming the other two elements of the *Winter* test are also met. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (quotation omitted). Serious questions are those "which cannot be resolved one way or the other at the hearing on the injunction." *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 926

(9th Cir. 2003) (quoting *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988)).

4.    Plaintiff contends, and the Court agrees, the motion for preliminary injunction, should be granted. First, a challenge to the validity of a patent in a preliminary injunction proceeding need only raise a substantial or serious question of invalidity. *Amazon.com Inc. v. Barnesandnoble.com, Inc.,* 239 F.3d 1343, 1358-59 (9th Cir. 2001). Plaintiff has shown a likelihood of success by raising a serious question of the validity of Defendant's 534 patent. Plaintiff presents evidence that years before Defendant filed its 534 patent, online public videos showed a product with the same overall visual appearance. This evidence raises serious questions whether the 534 patent is valid for purposes of granting a preliminary injunction. That is Plaintiff has raised a serious question whether Defendant's 534 patent is invalid because it is anticipated by prior art. *See e.g., Continental Can Co. USA, Inc. v. Monsanto Co.*, 948 F.2d 1264 (Fed.Cir.1991) (patent is invalid if it is anticipated by prior art.).

As Plaintiff has shown a substantial question about the validity of Defendant's 534 patent claim and Defendant has failed to respond, this factor weighs in Plaintiff's favor. *See e.g., Purdue Pharma L.P. v. Boehringer Ingelheim GmbH*, 237 F.3d 1359, 1363 (Fed. Cir. 2001) (If the evidence presented raises a substantial question concerning validity, the opposing party must produce countervailing evidence demonstrating there is a lack substantial merit.).

Second, Plaintiff shows without a preliminary injunction, it has and will suffer irreparable harm. This case was initiated almost two years ago, and despite lengthy litigation, Defendant continues to submit complaints to Amazon regarding Plaintiff's product. There is no question Defendant's yearslong conduct disrupts Plaintiff's sales, Plaintiff's market position and its standing with its current and future customers. This factor favors Plaintiff.

Third, the balance of equities tips in Plaintiff's favor. Plaintiff seeks a preliminary injunction on the grounds it has not infringed the 534 patent or at a minimum there is a serious question of infringement. Defendant has not responded to Plaintiff's contentions and instead continues to disrupt Plaintiff's ability to sell its product by continuing to file complaints with Amazon. This factor favors Plaintiff.

And lastly the requested preliminary injunction is in the public interest. While there is a public interest in enforcing valid patent rights, this interest standing alone is insufficient to favor the patent holder. The proper focus is whether there exists some critical public interest that would be injured by the grant of preliminary relief. *3M Unitek Corp. v. Ormco Co.*, 96 F.Supp.2d 1042, 1052 (C.D. Cal. 2000). For instance, courts have found the public interest is served in cases involving cutting edge medical treatment which if removed would harm the public. *See e.g. Hybritech Inc. v. Abbott Laboratories*, 849 F.2d 1446 (Fed. Cir. 1988). Here, a preliminary injunction will not harm the public's interest in protecting Defendant's patent rights. Plaintiff alleges it has not infringed Defendant's 534 patent which involves a toy robotic vehicle. The public will not be harmed by the sale of Plaintiff's toy robotic vehicle, in contrast to being harmed by the deprivation of medical treatments. Defendant continues to file complaints with Amazon that result in delisting Plaintiff's products. But Amazon reinstates Plaintiff's products for sale to the public. The nature of Defendant's 534 patent (a toy robotic vehicle), the serious question about the patent's validity, and the continued public availability of the robotic vehicle despite Defendant's complaints to Amazon, support a finding the public will not be harmed if the motion for preliminary injunction is granted.

Having weighed each of the four factors germane to the motion for preliminary injunction, the court concludes Plaintiff is entitled to the requested preliminary injunction and

ORDER GRANTING PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION.  DKT. 74. - 4

**ORDERS**:

1. Plaintiffs' motion for a preliminary injunction, Dkt. 74, is **GRANTED**.

2. This Order binds Defendant, and Defendant's officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with any of them who receive actual notice of this Order, consistent with Fed. R. Civ. P. 65(d)(2).

3. Within 24 hours of entry of this Order, Defendant shall submit retraction requests to Amazon through the applicable reporting channel for any marketplace patent infringement complaints asserting U.S. Design Patent No. D891,534 S that resulted in any removal, suppression, delisting, or other enforcement action against Plaintiffs' Amazon listings identified by ASIN in the motion record.

4. Within 48 hours of entry of this Order, Defendant shall serve on Plaintiffs' counsel written confirmation that the retraction requests described in Paragraph 3 were submitted, together with documentation reasonably evidencing submission, including an Amazon confirmation page, confirmation email, or screenshot generated through the reporting channel.

5. Pending further order of this Court, Defendant is enjoined from submitting, causing to be submitted, or assisting in submitting any new marketplace patent infringement complaints asserting U.S. Design Patent No. D891,534 S against the same ASINs identified in the motion record, including substantially identical relistings of the same products, unless Defendant first obtains leave of Court.

6. Nothing in this Order limits Defendant's ability to seek relief in this Court or to pursue its defenses through the judicial process.

ORDER GRANTING PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION.  DKT. 74. - 5

7.     Nothing in this Order is intended to, or binds Amazon as a non-party. This

Order binds only the persons identified in Paragraph 2, as provided in Rule 65(d).

DATED this 23rd day of March, 2026.

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION.  DKT. 74. - 6