UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANGYANG ZHICHENG NETWORK CO LTD, ZHONGSHAN DONGFENG TOWN XIAOYOUYOU PAPER TRADING COMPANY,

Plaintiff,

v.

JIE HUANG,

Defendant.

CASE NO. 2:24-cv-01823-BAT

**ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS**

Before the Court is Plaintiffs' Renewed Motion to Enforce the Court's January 6, 2026 Order and for Sanctions. Dkt. 78. The Court GRANTS the motion.

**DISCUSSION**

Plaintiffs filed a prior motion on November 27, 2025 requesting terminating sanctions and the entry of default judgment against Defendant. Dkt. 68. The motion asserted that at Defendant's October 16, 2025 deposition, Defendant engaged in willful obstruction by claiming he could not remember or did not know the answer to at least 78 questions, including on central issues to the case; claiming he could not see images on a shared screen; giving a knowingly false answer about a test buy; and testifying from China when depositions taken in China are illegal under Chinese law. Dkt. 68 at 1–3. The Court granted the motion in part, awarding partial

ORDER GRANTING PLAINTIFF'S MOTION
FOR SANCTIONS - 1

attorney fees, and ordered Defendant to appear for a second deposition in-person in Seattle, Washington. The Court further took note of Plaintiffs' concern that Defendant might be beyond the Court's reach if he remained in China to avoid a deposition. The Court warned Defendant to be on notice that if he declined to be deposed in-person in Seattle, the Court would entertain dispositive or terminating sanctions. *See* Dkt. 72 at 4–5.

Plaintiffs' renewed motion now asserts Defendant failed to appear for his deposition in Seattle, failed to confirm he would appear, did not provide supporting information showing compliance with the Court's order was impossible, did not provide travel details, did not propose an alternative date, and did not seek relief from the order. Dkt. 78 at 4. On March 19, 2026, defense counsel advised Plaintiffs' counsel by telephone that Defendant had instructed counsel to withdraw. *Id.* Fact discovery closed on March 20, 2026. Plaintiffs' renewed motion requests terminating sanctions.

Defendant did not file a response to the renewed motion for sanctions. On April 10, 2026, Defendant filed an unopposed motion to withdraw counsel, specifying no replacement. Dkt. 80. The accompanying declaration states Defendant "will not oppose a motion by Plaintiff for entry of default judgment." Dkt. 80-1 at ¶ 8.

Federal Rule of Civil Procedure 37(b)(2)(A)(vi) authorizes the Court to impose sanctions for not obeying a discovery order, including "rendering a default judgment against the disobedient party." Before imposing terminating sanctions, the Court must weigh (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995). "The sub-parts of the fifth factor

ORDER GRANTING PLAINTIFF'S MOTION
FOR SANCTIONS - 2

are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). For dismissal to be proper, the conduct sanctioned must be due to "willfulness, fault, or bad faith." *Anheuser-Busch*, 69 F.3d 337 at 348.

Defendant failed to comply with the Court's January 6, 2026 order directing him to appear in person for a deposition in Seattle. He has also failed to explain his noncompliance or seek relief from the Court's order. Moreover, the Court already found Defendant's prior obstructive conduct in the October 16, 2025 deposition warranted sanctions. Taken together, these discovery violations constitute "disobedient conduct not shown to be outside the control of the litigant," which is "all that is required to demonstrate willfulness, bad faith, or fault" in the context of awarding case-dispositive sanctions for a discovery violation. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (quoting *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985)).

The Court previously awarded lesser sanctions, and warned Defendant about the possibility of case-dispositive sanctions. Nevertheless, Defendant not only failed to comply but has not filed a response to the motion for sanctions and has indicated he will not oppose default judgment. The Court finds Defendant's conduct warrants the entry of the sanction of default judgment.

The Court accordingly ORDERS:

1.      Plaintiff's motion for terminating sanctions, Dkt. 78, is GRANTED. Default is hereby entered against Defendant Jie Huang.

2.      Plaintiffs are directed to file a motion for default judgment setting forth their

ORDER GRANTING PLAINTIFF'S MOTION
FOR SANCTIONS - 3

entitlement to a sum certain, in compliance with LCR 55(b) and Fed. R. Civ. P. 55(b)(2), by May 14, 2026.

DATED this 16th day of April, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING PLAINTIFF'S MOTION
FOR SANCTIONS - 4